Michael C. Brubaker, WSBA# 49804
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com
Attorney for Plaintiff,
MAUDINA BOONE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAUDINA BOONE, individually, and on behalf of all others similarly situated, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CLASS ACTION COMPLAINT |
| | ) |
| DYNAMIC COLLECTORS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, Maudina Boone (hereinafter "Plaintiff"), by and through undersigned counsel, hereby alleges against Dynamic Collectors, Inc. (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.     Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4.     Plaintiff is a natural person, who at all relevant times has resided in Olympia, Washington and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant Dynamic Collectors, Inc. is a corporation doing business in the State of Washington, with its corporate headquarters located at 790 South Market Blvd., Chehalis, Washington 98532.

6.     Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

**FACTUAL STATEMENT**

7.     The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

8.     To this end, the Ninth Circuit has ruled that debt collection communications are considered objectively from the perspective of the least sophisticated consumer.

9.     Where a collection letter is subject to multiple interpretations, at least of one which is false, the collection letter violates the FDCPA.

10.     Ms. Boone received a collection letter dated November 15, 2017 seeking to collect on a medical debt incurred from personal use.

11.     The collection delineates the principal balance, interest, attorney's fees, court costs, and collection fees all separately.

12.     Importantly, the interest, attorney's fees, court costs, and collection fees all list a $0 balance. This indicates to the least sophisticated consumer that these fees are not accruing.

13.     However, below this, the letter states that interest accrues at 12% per annum.

14.     The form letter is confusing for a number of reasons.

15.     There is an inherent conflict in its representation. How can the debt be accruing interest at 12% if no interest has yet been incurred. This leaves the consumer unsure as to whether interest is in fact accruing or not. In fact, if interest was accruing at 12% per annum, the interest component of the letter should not be zero. This is so because the debt was allegedly incurred, and delinquent well prior to the date the letter was sent.

16.     This conflict leaves the consumer unsure of whether $438 is the true balance owed. On the one hand, given the form and content of the letter, the consumer would not believe that it is accruing interest, while on the other hand, the consumer would so believe. Even further, another interpretation is that interest is only added at later time, such as the end of the full 12% accrual given the words "per annum" used, and the fact that the interest section reflects $0 has accrued.

17.     Further, the letter also fails to indicate that by the time Plaintiff makes payment on the debt, the debt may have already accrued additional interest and therefore her payment may no longer satisfy the debt. Addressing a similar issue, the Seventh Circuit provided safe harbor language in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) to avoid confusion by letters like Defendant's here. Defendant failed to use this safe harbor language and therefore failed to prevent the letter from being open to multiple interpretations.

18.     Collection letters which are ambiguous as to whether interest is accruing, or fail to identify as of what date the debt is able to be considered paid in full if the balance on the letter is paid is material. This information directly effects a consumer's choice to pay the debt.

## CLASS ACTION ALLEGATIONS

### The Class

19.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

20.     Plaintiff seeks certification of the following classes, initially defined as follows:

**The Class: All consumers in the State of Washington that have received similar collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to filing of this complaint.**

21.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

22.     Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout the State of Washington, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23.     The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

25.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

26.     The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

27.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**<u>Proceeding Via Class Action is Superior and Advisable</u>**

29.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

30.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

32.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

34.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35.     Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

36.     Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

37.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

38.     Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

39.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)      The false representation of--**

**(A)  the character, amount, or legal status of any debt; or**

**(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Maudina Boone, respectfully requests that this Court do the following for the benefit of Plaintiff:

A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B.  Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00 for Plaintiff and each member of the class;

C.  Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

D.  Grant such other and further relief as may be just and proper.

## <u>JURY TRIAL DEMAND</u>

40.    Plaintiff demands a jury trial on all issues so triable.


Dated this 5th of November, 2018

Respectfully Submitted,


/s/ Michael Brubaker
Michael C. Brubaker, WSBA# 49804
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com